# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6943 | **DATE** | 1/11/2001 |
| **CASE TITLE** | ADMINISTRATIVE COMMITTEE vs. BRANDON ALEXANDER, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the Court (1) denies defendants' Motion to Dismiss Plaintiff's Complaint [19-1] and (2) grants plaintiff's Motion to Strike a Portion of Defendants' "Memorandum in Reply to Plaintiff's Response to Defendants' Motion to Dismiss" [35-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JAN 1 2 2001 date docketed | 37 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | Kb docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TBK courtroom deputy's initials | | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED
JAN 1 2 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADMINISTRATIVE COMMITTEE,<br>as Administrator of the ASSOCIATES'<br>HEALTH AND WELFARE PLAN,<br><br>Plaintiff,<br><br>v.<br><br>BRANDON ALEXANDER and<br>PAMELA ALEXANDER,<br><br>Defendants. | Judge Ronald A. Guzman<br><br>99 C 6943 |

## MEMORANDUM OPINION AND ORDER

Plaintiff, the Administrative Committee of the Associates' Health and Welfare Plan ("the Plan"), brings this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(3), to enforce the terms of plan, enter an order enjoining defendants from continuing to violate the terms of the plan, and compel defendants to reimburse the Plan for medical benefits paid on behalf of Brandon Alexander through Pamela Alexander's employer-sponsored health care plan. Defendants have moved to dismiss the Complaint pursuant to Fed. R. Civ. P. ("Rule") 12(b)(1) and 12(b)(6). The Plan has moved to strike a portion of defendants' reply brief. For the reasons provided in this Memorandum Opinion and Order, the Court denies defendants' motion to dismiss and grants the Plan's motion to strike.

## FACTS

On June 12, 1997, Pamela Alexander was a participant in the Plan when Brandon Alexander, a beneficiary under the Plan, was injured in an automobile accident. Under the terms

37

of the plan, the Plan paid on behalf of defendants, $18,826.52 for medical expenses arising out of the automobile accident. Subsequently, defendants sued the party they considered to be responsible for Brandon's injuries and received a settlement in the amount of $45,862.61. Subsequently, defendants filed a Motion to Adjudicate Subrogation Claim against Blue Cross/Blue Shield, which processes claims for the Plan, in state court and obtained a default order regarding the motion. The Plan alleges that under the relevant plan documents, it possesses the right to 100% reimbursement of the $18,826.52 that it paid on behalf of Brandon, and defendants have refused to honor the terms of the Plan.

## DISCUSSION

Defendants argue that the Complaint must be dismissed for lack of subject matter jurisdiction and, alternatively, that the Complaint must be dismissed for failure to state a claim. The Court addresses each argument in turn.

First, defendants argue that this Court lacks subject matter jurisdiction. When moving to dismiss pursuant to Rule 12(b)(1), a defendant may opt for a facial attack, *i.e.*, a challenge of the court's subject matter jurisdiction based on the sufficiency of the complaint's allegations, or a factual attack, *i.e.*, a challenge of the factual basis for the court's subject matter jurisdiction. *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (7th Cir. 1993). If defendant makes a facial attack, the "allegations are taken as true and construed in a light most favorable to the complainant." *Id.* "If the Rule 12(b)(1) motion denies or controverts the pleader's allegations of jurisdiction, however, the movant is deemed to be challenging the factual basis for the court's subject matter jurisdiction." *Id.* When making a factual attack, "the allegations in the complaint

2

are not controlling, and only uncontroverted factual allegations are accepted as true for purposes of the motion." *Id.* (citations omitted). "The Court may weigh the evidence in order to satisfy itself that jurisdiction exists; as such, disputes over material facts will not preclude the court from deciding jurisdictional issues." *Board of Trustees of the Pipe Fitters' Welfare Fund Local 597 v. Adams*, No. 97 C 5592, 1998 WL 259543, at *2 (N.D. Ill. May 7, 1998).

Defendants in this case engage in a factual attack because they deny the Plan's allegation of jurisdiction. The Plan alleges that the Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(a)(3). Section 1331 provides that "[t]he district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 29 U.S.C. § 1331. Section 1132(a)(3) provides:

> A civil action may be brought . . . by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1332(a)(3). To resolve whether a case fits within 29 U.S.C. § 1132(a)(3), the court must determine whether: (1) plaintiff is a fiduciary; and (2) plaintiff is seeking equitable relief. *Administrative Committee v. Gauf*, 288 F.3d 767, 770 (7th Cir. 1999).

Defendants do not dispute that the Plan is a fiduciary and therefore the Court need not address the first prong of the analysis. However, with regard to the second prong, defendants argue that the Plan does not seek equitable relief but merely damages for the breach of the terms of the Plan. (Defs.' Mem. Supp. Mot. Dismiss at 10.) The Court disagrees.

In *Wal-Mart Stores, Inc. Assocs.' Health & Welfare Plan v. Wells*, where a welfare plan administrator sought reimbursement for benefits paid on behalf of the participant and the

3

participant's attorney intercepted and held the disputed amount of money in an escrow account, the Seventh Circuit stated that it had jurisdiction because the suit in essence sought to impose a constructive trust, which is an equitable remedy. 213 F.3d 398, 401 (7th Cir.), *cert. denied*, 121 S. Ct. 441 (2000). Similarly, in this case, defendants concede that at least some portion of the $18,826.52 (it is disputed as to whether the entire amount has been intercepted) to which the Plan claims to be entitled is being held in an escrow account by their attorneys. Thus, as in *Wells*, the Plan, in essence, seeks to impose a constructive trust on a certain sum of money intercepted and held by the Alexanders' attorney. As in *Wells*, the Plan does not seek interest on the amount to be reimbursed and the issue before the Court is whether the beneficial owner is the Plan or the defendants. Therefore, the Court finds the facts of this case indistinguishable from those in *Wells*. Because the Plan seeks an equitable remedy and it is a fiduciary under ERISA, the Court finds that this case fits within the language of 29 U.S.C. § 1132(a)(3).

Defendants primarily rely on *Blackburn v. Sundstrand Corp.*, 115 F.3d 493 (7th Cir. 1997), and *Speciale v. Seybold*, 147 F.3d 612, 615 (7th Cir. 1998) in support of their argument that this Court lacks subject matter jurisdiction. However, the Court finds these cases distinguishable.

In *Blackburn v. Sundstrand Corp.*, the defendant welfare benefit plan moved to remove plaintiffs' personal injury action filed in Illinois court to the federal district court and the district court held that ERISA preempted the state law common fund doctrine. 115 F.3d at 494. The Seventh Circuit reversed and held that removal under 28 U.S.C. § 1441(b) was improper because (1) the tort suit did not arise under the Constitution, treaties, or laws of the United States, (2) the Illinois common fund doctrine was not subject to complete preemption in accordance with

4

*Scholtens v. Schneider*, 173 Ill. 2d 375 (1996), and (3) the defense of conflict preemption did not create federal jurisdiction. *Id.* at 494-96. Similarly, in *Speciale v. Seybold*, a case in which the defendant welfare benefit plan moved to remove the plaintiff's personal injury action to the federal district court, the Seventh Circuit followed *Blackburn* and held that removal was improper because the personal injury action was not subject to complete preemption under ERISA and conflict preemption did not confer federal question jurisdiction. 147 F.3d at 616-17.

In contrast to *Blackburn* and *Speciale*, in the instant case the Plan has not removed the Alexanders' personal injury action to this Court. Instead, the Plan has filed a complaint pursuant to 29 U.S.C. § 1132(a)(3) to enforce the terms of the Plan, enter an order enjoining defendants from continuing to violate the terms of the Plan, and, in essence to impose a constructive trust on the amount of medical benefits paid on behalf of Brandon Alexander. *Blackburn* and *Speciale* are distinguishable from this case because neither of those cases involved a Plan suing defendants directly under 29 U.S.C. § 1132(a)(3) based on an ERISA governed plan.

Defendants next contend that the Court should abstain from exercising subject matter jurisdiction over this action pursuant to *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). The Court disagrees.

Courts may abstain under *Colorado River* to avoid duplicative litigation. *Starzenski v. City of Elkhart*, 87 F.3d 872, 878 (7th Cir. 1996). However, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule . . . ." *Colorado River*, 424 U.S. at 813.

> *Colorado River* provides a two-part test for determining whether a federal district court should abstain from adjudicating a claim when there is a related state court proceeding. First, the two suits must be parallel; they must involve substantially the same parties litigating substantially the same issues. The second part of the Colorado River test is a balancing of factors. . . . The relevant factors include

5

whether both proceedings involve the same res, the relative inconvenience of the federal forum, the need to avoid piecemeal litigation, the order in which the proceedings were filed, whether state or federal law provides the rule of decision, whether the state action protects the federal plaintiffs' rights, the relative progress of the two proceedings, the presence or absence of concurrent jurisdiction, the availability of removal and the vexatious or contrived nature of the federal claim.

*Administrative Committee v. Gauf*, 188 F.3d 767, 772 (7th Cir. 1999) (citations omitted).

The Plan argues and the Court agrees that this case fails the first requirement under *Colorado River* that the suits be parallel. The Administrative Committee is not a party in the state proceeding and its interests as a fiduciary under ERISA in the implementation of the Plan have not been and will not be represented by any other party in the state proceeding. *See, e.g., id.* In sum, because *Colorado River* abstention is inapplicable and defendants' other jurisdictional arguments are unavailing, the Court denies defendants' motion to dismiss pursuant to Rule 12(b)(1).

Next, defendants argue that the complaint should be dismissed for failure to state a claim. While defendants have filed an answer to the complaint, pursuant to Rule 12(h)(2), the failure of a complaint to state a claim may be raised at any time up to and including the trial on the merits. FED. R. CIV. P. 12(h)(2). On a motion to dismiss for failure to state a claim, the court accepts the "well-pleaded allegations in the complaint as true and draw[s] all reasonable inferences in favor of the plaintiff." *Hentosh v. Herman M. Finch Univ. of Health Scis./The Chicago Med. Sch.*, 167 F.3d 1170, 1173 (7th Cir. 1999). Dismissal is proper where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). However, if the complaint fails to allege an element necessary to obtain relief, dismissal is appropriate. *R.J.R. Servs., Inc. v. Aetna Cas. &*

6

*Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989).

Defendants opine that this action is barred by *res judicata*. The Plan contends that (1) defendants have waived the *res judicata* argument by failing to raise it as an affirmative defense in their answer to the complaint; and (2) even if the Court finds defendants' *res judicata* argument is not waived, *res judicata* does not bar the Plan's ERISA claim.

Rule 8(c) provides that "[i]n a pleading to a preceding pleading, a party shall set forth affirmatively . . . estoppel . . . [and] res judicata . . . ." Fed. R. Civ. P. 8(c). Thus, "[r]es judicata is an affirmative defense which, unless raised by the defendant in his answer, is considered waived." *Marcus v. Sullivan*, 926 F.2d 604, 615 (7th Cir. 1991). "The reference to estoppel has been treated as including collateral estoppel." 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION § 4405, at 34 (1981).

Defendants did not raise *res judicata* in their answer. They did raise collateral estoppel. However, *res judicata* and claim preclusion are not synonymous with collateral estoppel and issue preclusion. In fact, they are two distinct concepts. Rule 8(c) and courts have treated them separately and so shall we.

Even if defendants had not waived their *res judicata* argument, the argument would still fail even if the Court were to address the argument on the merits. Where an Illinois state court rendered the initial judgment, the court "must apply Illinois preclusion law to determine whether res judicata bars . . . [plaintiff's] claims." *Whitaker v. Ameritech Corp.*, 129 F.3d 952, 955 (7th Cir. 1997). In Illinois, "[r]*es judicata* bars a subsequent action if three requirements are met: '(1) there was a final judgment on the merits rendered by a court of competent jurisdiction; (2) there is an identity of cause of action; and (3) there is an identity of parties or their privies.'" *Id.*

(quoting *Downing v. Chicago Transit Auth.*, 642 N.E.2d 456, 458 (Ill. 1994)).

Because the Plan's instant claim arises under ERISA, specifically 29 U.S.C. § 1132(a)(3) as discussed above, this claim lies within the exclusive jurisdiction of the federal courts. 29 U.S.C. § 1132(e)(1). Thus the Plan's claim could not have been raised in the state court proceeding. Accordingly, even if the Court were to have reached the merits of defendants' *res judicata* argument, such argument would still not win the day for defendants.

Lastly, defendants argued for the first time in their reply brief that collateral estoppel bars the Plan from relitigating the subrogation issue. (*See* Defs.' Mem. Reply Pl.'s Resp. Defs.' Mot. Dismiss, at 10.) Arguments raised for the first time in the reply brief are waived. *Walker v. Wallace Auto Sales, Inc.*, 155 F.3d 927, 930 (7th Cir. 1998); *Marie O. v. Edgar*, 131 F.3d 610, 614 n.7 (7th Cir. 1997). Because defendants did not raise the collateral estoppel argument in their opening brief, the Court deems the argument waived and grants the Plan's motion to strike that portion of defendants' reply brief.

In sum, not only have defendants waived their *res judicata* argument by not raising it in their answer to the complaint, they waived their collateral estoppel argument by not raising it in their opening brief. Accordingly, the Court denies defendants' motion to dismiss pursuant to Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, the Court: (1) denies defendants' Motion to Dismiss Plaintiff's Complaint [19-1] and (2) grants plaintiff's Motion to Strike a Portion of Defendants' "Memorandum in Reply to Plaintiff's Response to Defendants' Motion to Dismiss" [35-1].

SO ORDERED                                  ENTERED: 1/11/01

*/s/ Ronald A. Guzman*

**HON. RONALD A. GUZMAN**

**United States Judge**